**Jesus Aguirre PINEDA; Maria De Los Angeles Isidoro, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71073.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

Gary Silbiger, Esq., Silbiger & Honig, Los Angeles, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

San Francisco, CA, Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Jesus Aguirre Pineda and his wife Maria De Los Angeles Isidoro ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petition for review.

The BIA properly denied Petitioners' October 10, 2003 motion because, construed as a motion for reconsideration, it failed to raise a cognizable error of law or fact in the BIA's denial of their earlier motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir.2003).

The BIA also properly concluded that, construed as a motion to reopen, the motion was numerically barred. *See* 8 C.F.R. § 1003.2(c)(2). We reject Petitioners' claim that the actions of their original counsel and the immigration judge provide a basis for tolling the one-motion rule because Petitioners fail to explain why these issues were not raised in their first motion to reopen, and in any event, the constitu-

tional claims based on those actions are not colorable. *Cf. Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir.2002) (tolling the numerical limit on motions to reopen where the petitioners' representative defrauded them and "wasted" their opportunity to reopen their case).

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

